JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jimi Rose

**DEFENDANTS**

Mattress Firm, Inc. and John Eck

**(b)** County of Residence of First Listed Plaintiff   Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Harris County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

Jennifer Kallet, Esq. and Lindsey Lunney, Esq.
Reilly, McDevitt & Henrich, P.C.
One South Penn Sq. suite 410

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☒ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sect. 1332

Brief description of cause:
Plaintiff is alleging breach of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
$200,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
12/16/2020

SIGNATURE OF ATTORNEY OF RECORD
Jennifer A. Kallet, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**APPENDIX G**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JIMI ROSE

                            :

                            :

        V.                   :           Civil Action

MATTRESS FIRM AND JOHN ECK   :           No:  20-6334

                            :

## DISCLOSURE STATEMENT FORM

Please check one box:

☐      The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☑      The nongovernmental corporate party, Mattress Firm Inc.
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

Steinhoff International Holdings N.V., a company formed under the laws of
the Neverlands, and which is publicly traded on the Frankfurt and South
African stock exchanges, indirectly owns 10% or more of Mattress Firm Inc.
stock. Steinhoff International Holdings N.V. has no parent corporation.

_12/16/2020_                      _Jennifer A. Kallet, Esq._
Date                                          Signature

Counsel for: Defendants

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file two copies of a disclosure statement that:
    (1)    identifies any parent corporation and any publicly held corporation owning 10% or more of its stock;  or

    (2)    states that there is no such corporation.

(b)  TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
    (1)    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
    (2)    promptly file a supplemental statement if any required information changes.

## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

USA                               :     Criminal Action
                                       :
v.                                  :
                                       :
                                       :     No.

## DISCLOSURE STATEMENT FORM

Please check one box:

☐      The nongovernmental corporate party, _____, in
the above listed criminal action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

☐      The nongovernmental corporate party, _____, in
the above listed criminal action has the following parent corporation(s)
and publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

_____              _____
Date                                    Signature

                   Counsel for: _____

**Federal Rule of Criminal Procedure 12.4 Disclosure Statement**
     (a)     WHO MUST FILE.
           (1)     NONGOVERNMENTAL CORPORATE PARTY.  Any nongovernmental
corporate party to a proceeding in a district court must file a statement
that identifies any parent corporation and any publicly held corporation
that owns 10% or more of its stock or states that there is no such
corporation.
           (2)     ORGANIZATIONAL VICTIM.  If an organization is a victim of the alleged
criminal activity, the government must file a statement identifying the
victim.  If the organizational victim is a corporation, the statement must
also disclose the information required by Rule 12.4(a)(1) to the extent
that it can be obtained through due diligence.
     (b)     TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
           (1)     file the Rule 12.4(a) statement upon the defendant's initial appearance;
and
           (2)     promptly file a supplemental statement upon any change in the
information that the statement requires.

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| **JIMI ROSE**<br>**911 Barnsdale road**<br>**Allentown, PA 18103**<br><br>      **VS.**<br><br>**MATTRESS FIRM**<br>**10201 South Main Street**<br>**Houston, TX 77025**<br><br>      **AND**<br><br>**JOHN ECK**<br>**10201 South Main Street**<br>**Houston, TX 77025** | **NO.**  20-6334 |

## NOTICE OF REMOVAL

The Petitioners, Mattress Firm, Inc. (improperly sued as "Mattress Firm") (hereinafter Mattress Firm) and John Eck (improperly sued as John Eck a.k.a. "The Thief") (hereinafter John Eck), respectfully state to this Honorable Court:

1.      On November 9, 2020, a Complaint was filed against Defendants and is currently pending in the Lehigh County Court of Common Pleas, Pennsylvania, Docket No. 2020-C-2152, in which the above named Jimi Rose, is named as the Plaintiff, and Mattress Firm and John Eck, are named as Defendants.  See, Plaintiff's Complaint attached hereto as Exhibit A.

2.      Defendant, Mattress Firm, received a copy of the aforementioned Complaint via regular mail service, no return receipt requested, on November 16, 2020.

3.      This notice is filed with the Court within the thirty day time period set for removal set forth in 28 U.S.C. Sect. 1446(b) in that Defendants first received notice of the Complaint on November 16, 2020.

4. This action is removable to Federal Court, because it is a civil action between citizens of different states; and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332 (a) and 1441.

5. Plaintiff alleges in his Complaint that he is seeking recovery in excess of $200,000 against each Defendant, which exceeds the jurisdictional threshold of $75,000 pursuant to 28 U.S.C. §1332(a). See, Exhibit A.

6. In the Complaint Plaintiff demands judgment for compensatory and punitive damages, as well as interests, and costs. See Exhibit A.

7. Plaintiff's Complaint appears to assert claims for breach of contract and/or claims for unfair and unlawful business practices against Defendants. See, Exhibit A.

8. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Petitioners seek removal to this Court.

9. Upon information and belief, Petitioners state that diversity of citizenship exists between the parties in controversy as follows:

a) At the commencement of this action and the filing of the Complaint, the Plaintiff, Jimi Rose, is a Citizen of the Commonwealth of Pennsylvania, residing at 911 Barnsdale Road, Allentown, Pennsylvania, 18103. See, a true and correct copy of the Praecipe for Summons filed by Plaintiff, attached hereto as Exhibit B.

b) At the commencement of this action and the filing the Complaint, Defendant, Mattress Firm, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Houston, Texas.

c) At the commencement of this action and the filing the Complaint, Defendant, John Eck, is a citizen of the State of Texas.

10.     This Court has original jurisdiction over the action between the Plaintiff and written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. Sect. 1446(d) and as certified in the attached Certificate of Service.

11.     Promptly after filing in this court and the assignment of a civil action numbers, a true and correct copy of this Notice of Removal will be filed with the Prothonotary of the Lehigh County Court of Common Pleas, as provided by U.S.C. Sect. 1446(d).

**WHEREFORE**, Defendants, Mattress Firm and John Eck, respectfully requests that it may affect the removal of this action from the Lehigh County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**REILLY MCDEVITT & HENRICH, P.C.**

By:   *Jennifer A. Kallet*
        Jennifer A. Kallet, Esquire
        Identification No. 200229
        jkallet@rmh-law.com
        Lindsey Lunney, Esquire
        Identification No. 320897
        llunney@rmh-law.com
        Reilly, McDevitt & Henrich, P.C.
        The Widener Building, Suite 410
        One South Penn Square
        Philadelphia PA  19107
        Tel.: (215) 972-5200
        Attorneys for Defendants,
        Mattress Firm Inc. and John Eck

Dated: 12/16/2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLYVANIA**

| | |
|---|---|
| **JIMI ROSE**<br>**911 Barnsdale road**<br>**Allentown, PA 18103**<br><br>**VS.**<br><br>**MATTRESS FIRM**<br>**10201 South Main Street**<br>**Houston, TX 77025**<br><br>**AND**<br><br>**JOHN ECK**<br>**10201 South Main Street**<br>**Houston, TX 77025** | **NO.** 20-6334 |

<u>**CERTIFICATE OF NOTICE OF FILING**</u>

The undersigned attorneys of record for Defendants, Mattress Firm, Inc. and John Eck, certify that on the date below, a copy of the Notice of Removal of this action was filed with the Clerk of the United States District Court of Pennsylvania, Eastern District, and that written notice of filing of the Notice of Removal was served to the parties named above in this action or to their attorneys of record.  Attached to the notices were copies of the Notice of removal. Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1442(a)(1) and 1446.

**REILLY MCDEVITT & HENRICH, P.C.**

By:  _Jennifer A. Kallet_
    Jennifer A. Kallet, Esquire
    Identification No. 200229
    jkallet@rmh-law.com
    Lindsey Lunney, Esquire
    Identification No. 320897
    llunney@rmh-law.com
    Reilly, McDevitt & Henrich, P.C.
    The Widener Building, Suite 410

One South Penn Square
Philadelphia PA  19107
Tel.: (215) 972-5200
Attorneys for Defendants,
Mattress Firm, Inc. and John Eck.

Dated: 12/16/2020

One South Penn Square
Philadelphia PA  19107
Tel.: (215) 972-5200
Attorneys for Defendants,
Mattress Firm, Inc. and John Eck.

Dated: 12/16/2020

**REILLY, McDEVITT & HENRICH, P.C.**
BY:  **JENNIFER A. KALLET, ESQUIRE**
      **IDENTIFICATION NO. 200229**
BY:  **LINDSEY LUNNEY, ESQUIRE**
      **IDENTIFICATION NO. 320897**
**ONE SOUTH PENN SQUARE**
**SUITE 410**
**PHILADELPHIA, PENNSYLVANIA  19107**
**(215) 972-5200**

**ATTORNEYS FOR DEFENDANTS,**
**MATTRESS FIRM INC. AND JOHN**
**ECK**

**JIMI ROSE**
**911 Barnsdale Road**
**Allentown, PA 18103**

      **VS.**

**MATTRESS FIRM**
**10201 South Main Street**
**Houston, TX 77025**

      **AND**

**JOHN ECK**
**10201 South Main Street**
**Houston, TX 77025**

**LEHIGH COUNTY**
**COURT OF COMMON PLEAS**
**CIVIL ACTION**

**CASE NO. 2020-C-2152**

## PRAECIPE TO FILE NOTICE OF REMOVAL

TO:  **Jimi Rose**
     **911 Barnsdale Road**
     **Allentown, PA 18103**
     **Plaintiff, proceeding Pro Se**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sect. 1446, Defendants,

Mattress Firm and John Eck, in the above captioned matter, have on December 16, 2020,

filed their Notice of Removal, a copy of which is attached hereto, in the office of the

Clerk, United States District Court for the Eastern District of Pennsylvania, Room 2609,

U.S. Courthouse, 601 Market Street, Philadelphia, 19106.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: ___*Jennifer A. Kallet*___

       Jennifer A. Kallet, Esquire
       Identification No. 200229
       jkallet@rmh-law.com
       Lindsey Lunney, Esquire
       Identification No. 320897
       llunney@rmh-law.com
       Reilly, McDevitt & Henrich, P.C.
       The Widener Building, Suite 410
       One South Penn Square
       Philadelphia PA  19107
       Tel.: (215) 972-5200
       Attorneys for Defendants,
       Mattress Firm Inc. and John Eck

Dated: 12/16/2020

# Exhibit A

**In the Court of Common Pleas**
**Lehigh County, Pennsylvania**

Jimi Rose

      Plaintiff

No: 2020-C-2152
**Jury Trial Demanded**

    v

John Eck a.k.a. "The Thief";
Mattress Fair

      Defendants

### Notice to Defend

You have been sued in Court. If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served,

by entering a written appearance personally or by attorney and filing in writing with the Court

your defenses or objections to the claims set forth against you. You are warned that if you fail

to do so the case may proceed without you and a judgment may be entered against you by the

Court without further notice for any money claimed in the Complaint or for any other claim or

relief requested by the Plaintiff. You may lose money or property or other rights important to

you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER,

GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH

INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH

INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A

REDUCED FEE OR NO FEE.

LEHIGH COUNTY BAR ASSOCIATION

LAWYER REFERRAL SERVICE

P.O BOX 1324

ALLENTOWN, PENNSYLVANIA 18105-1324

TELEPHONE:  610-433-7094

*Jimi Rose*

Jimi Rose
911 Barnsdale Rd.
Allentown, PA 18103
(610) 737 - 8434

**In the Court of Common Pleas**
**Lehigh County, Pennsylvania**

Jimi Rose

        Plaintiff

v

John Eck a.k.a. "The Thief";
Mattress Firm
        Defendants

No: 2020-C-2152
**Jury Trial Demanded**

#### Complaint

1. On or around the 11th day of July, 2020 Plaintiff's friends purchased a mattress and a base from Mattress Firm as a gift to the Plaintiff.

2. Several days later, the delivery men delivered what was supposed to be an extra firm mattress and an electronic base. When the gentlemen who brought the mattress to the Plaintiff's home looked like they were very unclean people.

3. Plaintiff does not know the exact date the mattress was delivered but, approximately a week and a half after the Plaintiff got the mattress and base, the electric plug which was plugged into the wall which controlled the base and vibrator started to smoke.

4. It was at this time the Plaintiff contacted his electrician because the prongs from the cord has burned into the outlet.

5. Plaintiff contacted Kim who sold the Plaintiff's friends the mattress for the Plaintiff as a gift. Kim informed the Plaintiff that she would talk to her boss about the base and that the boss would know what to do. Approximately a week later, Plaintiff received a call from Kim's boss who told the Plaintiff she would refund the Plaintiff's money for the base which she did.

6. The Plaintiff reached out personally to Defendant Eck and asked him to refund all the money for the Mattress because, the Mattress had bugs in it and the Plaintiff had to remove the Mattress from the bedroom to the garage so that the Mattress could be fumigated.

7.    After 2 weeks of the mattress sitting in the garage and being sprayed 2 or 3 times a week, the Plaintiff then moved the mattress back to his bedroom. It was at this time the Plaintiff noticed that the mattress was a defective mattress because, the mattress did not lay flat; it was always a dip in the middle of the mattress which brought excruciating pain to the Plaintiff's back.

8.    There was always a dip in the bed that never went away. Plaintiff will attach a picture of how the mattress is designed. One thing is a fact the mattress is not an extra firm mattress.

9.    All the Plaintiff wanted to do is get his money back and go to a legitimate mattress place and get himself a good mattress and get what he paid for. He asked the President, Defendant Eck, to return his funds. Since the Defendant refused to return the Plaintiff's funds, let us bring the mattress to a Jury and let the Jury see the mattress and how defective it is.

10.   This matter should have been settled over a month ago but, the President of this slip-shod business, Defendant Eck, is used to ripping people off. It appears, he has an overwhelming disregard for the customers' rights.

11.   The mattress does not lie and, the mattress is not fit for human use. Plaintiff wants the Court and the Jury to see that the mattress has a bunch of ripples and, no human being should be forced to lay on a mattress that causes severe injury to the back.

12.   Defendants could have resolved this matter by just giving Plaintiff his money back. Now, the Plaintiff wants double his money back for all the aggravation that Defendants put the Plaintiff through in the name of greed.

13.   The CEO, Defendant Eck, is a thief, a con artist. He has no regard for the public. Plaintiff believes that a Jury will award him damages in excess of $100,000 because, the Plaintiff has a sore back and is hardly able to walk due to the negligence of the Defendants who knew or should have known that his product was not fit for human use.

14.   If Defendants do not want to pay the Plaintiff for his injuries and suffering then this matter must be set for Trial so that a Jury can see the deliberate, willful and intentional negligence of the Defendants.

15.   Plaintiff cannot sleep on the bed because, it causes Plaintiff's back to be sore and there are too many lumps on the mattress. The mattress is causing Plaintiff severe injury. Whereas, the Plaintiff, when he gets out of bed, he can barely walk because, the mattress acts like it has a mind of its own on how to destroy those who lay on it.

16.   The Plaintiff asked the CEO to resolve this matter, they gave the Plaintiff $600 or $700 for the base but, fell short when it came time to refunding the money for the mattress. The CEO was given every opportunity to correct his illegal business practices.

17.   All the lackeys who work for the CEO knew or should have known that their mattresses are defective and could cause injury to the Public.

18.   Plaintiff will extend this Complaint in the event the CEO does not want to give him all his money back.


**Wherefore,** Plaintiff prays that this Honorable Court will enter Judgment for the Plaintiff and against Defendant John Eck a.k.a. "The Thief" in excess of $100,000 nominal and $100,000 punitive damages for Unfair and Unlawful Business Practices and against Defendant Mattress Firm in excess of $100,000 nominal and $100,000 punitive damages for Unfair and Unlawful Business Practices.


November 6, 2020

Respectfully Submitted,

S/ _____

Jimi Rose

# Exhibit B

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back          Location : Judicial Records    Images  Help

## REGISTER OF ACTIONS
### CASE NO. 2020-C-2152

| | |
|---|---|
| Jimi Rose - VS - John Eck, Also Known As The Thief, Mattress Firm | § § § § § § |

Case Type:  **Contract Buyer Plaintiff**
Date Filed:  09/30/2020
Location:  **Civil Records**

---

### PARTY INFORMATION

**Attorneys**

**Defendant**    Eck, John *Also Known As* The Thief

**Defendant**    Mattress Firm

**Plaintiff**    Rose, Jimi                                                  **Pro Se**

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS**

| | |
|---|---|
| 09/30/2020 | Contract Buyer Plaintiff |
| | *coversheet* |
| 09/30/2020 | New Action Prae for Writ of Summons |
| | *praecipe for wit of summons* |
| 09/30/2020 | Petition to Proceed In Forma Pauperis. |
| 10/02/2020 | IFP Order: Now, |
| | *10/02/20 Jimi Rose is granted permission to proceed IN FORMA PAUPERIS. By the court: /s/ E D Reibman, P, J. Copies & 236 notice mld/dktd 10/2/20* |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---:|
| | **Plaintiff** Rose, Jimi | |
| | Total Financial Assessment | 177.50 |
| | Total Payments and Credits | 177.50 |
| | **Balance Due as of 10/06/2020** | **0.00** |
| | | |
| 09/30/2020 | Transaction Assessment | 177.50 |
| 10/02/2020 | In Forma Pauperis | (177.50) |

FILED 9/30/2020 2:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA

2020-C-2152   /s/C F

# Supreme Court of Pennsylvania

### Court of Common Pleas
### Civil Cover Sheet

Lehigh _____ County

| For Prothonotary Use Only: | | TIME STAMP |
|---|---|---|
| Docket No:
2020-C-2152 | | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S
E
C
T
I
O
N

A**

**Commencement of Action:**
☐ Complaint   ☒ Writ of Summons   ☐ Petition
☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking

Lead Plaintiff's Name:
Jimi Rose

Lead Defendant's Name:
John Eck

**Are money damages requested?** ☐ Yes ☐ No

Dollar Amount Requested:
(check one)
☐ within arbitration limits
☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: _____

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**S
E
C
T
I
O
N

B**

**TORT** (do not include Mass Tort)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (does not include mass tort)
☐ Slander/Libel/ Defamation
☐ Other: _____
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other: _____
_____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional: _____
_____

**CONTRACT** (do not include Judgments)
☒ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
_____

☐ Other: _____
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____

☐ Zoning Board
☐ Other: _____
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other: _____
_____
_____

*Updated 1/1/2011*

P-ST
FILED 9/30/2020 2:04 PM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2152      /s/C F

**In the Court of Common Pleas**
**Lehigh County, Pennsylvania**

Jimi Rose                                              2020-C-2152
911 Barnsdale Rd                          No: _____
Allentown, PA 18103
                   Plaintiff                  Civil Action

             v

John Eck a.k.a. "**The Thief**"
10201 South Main Street
Houston, Texas 77025;
Mattress Firm
10201 South Main Street
Houston, Texas 77025
             Defendants

**Praecipe for Summons**

To the clerk of Judicial Records – Civil Division:

Issue Summons in Civil Court in the Above Case. Plaintiff's, Jimi Rose, Writ of Summons shall be issued and forwarded Attorney/Sheriff.

Date: September 29, 2020                Signature: _____
                                                    Jimi Rose, *Pro Se*
                                                    911 Barnsdale Rd
                                                    Allentown, PA 18103
                                                    (610) 737 - 8434

**In the Court of Common Pleas**
**Lehigh County, Pennsylvania**

<u>Writ of Summons In Civil Action</u>

To: John Eck a.k.a. "**The Thief**"
10201 South Main Street
Houston, Texas 77025

You are notified that the above-names Plaintiff has commenced an action against you.

Andrea E. Naugle
Clerk of Judicial Records

Date: September 29, 2020

Civil Division        Deputy  Deputy

9/30/2020

PA RCP SS 1351

*Electronically Signed and Sealed*

FILED 9/30/2020 2:04 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2152      /s/C F

**In the Court of Common Pleas**
**Lehigh County, Pennsylvania**


**Writ of Summons In Civil Action**

To: Mattress Firm
10201 South Main Street
Houston, Texas 77025


You are notified that the above-names Plaintiff has commenced an action against you.

Andrea E. Naugle
Clerk of Judicial Records

Date: September 29, 2020

Civil Division        Deputy Deputy

9/30/2020

PA RCP SS 1351

Electronically Signed and
Sealed

FILED 10/2/2020 10:18 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2020-C-2152       /s/C F

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
FAMILY/CIVIL DIVISION

|  |  |  |
|---|---|---|
| Jimi Rose | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | File No: 2020-C-2152 |
| | : | |
| | : | |
| John Eck aka The Thief | : | |
| Mattress Firm | : | |
| Defendant | : | |

ORDER OF COURT

AND NOW, this _____ 2 *nd* _____ day of _____ *October* _____, 2020 upon

consideration of the petition, IT IS ORDERED that the Petitioner(s) Jimi Rose, is/are hereby ☒

granted / ☐ denied permission to proceed in forma pauperis.

BY THE COURT:

_____
                                                    Judge

(Rev 7/08)

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL COURT DIVISION

Document Distribution List

File No.:  2020-C-2152                                                            10/2/2020  CmF

| | |
|---|---|
| John Eck | 10201 S Main St<br>Houston TX  77025 |
| Mattress Firm | 10201 S Main St<br>Houston TX  77025 |
| Jimi Rose | 911 Barnsdale Rd<br>Allentown PA  18103 |

<u>236 NOTICE</u>

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in the above captioned matter has been entered.

Andrea E. Naugle
Clerk of Judicial Records

CV15b